**KM**

**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| James Michael West,       )<br>                                           )<br>            Plaintiff,          )<br>                                           )<br>vs.                                      )<br>                                           )<br>Douglas Shulman, et al.,    )<br>                                           )<br>            Defendants.     )<br>                                           ) | No. CV 11-2081-PHX-DGC (MEA)<br><br>**ORDER** |

On October 25, 2011, Plaintiff James Michael West, who is confined in the Arizona State Prison Complex-Florence, filed a *pro se* civil rights Complaint pursuant to the Freedom of Information Act ("FOIA") and an Application to Proceed *In Forma Pauperis*. In a January 31, 2012 Order, the Court granted the Application to Proceed and dismissed the Complaint because Plaintiff had failed to state a claim. The Court gave Plaintiff 30 days to file an amended complaint that cured the deficiencies identified in the Order.

On February 28, 2012, Plaintiff filed his First Amended Complaint (Doc. 10). The Court will dismiss the First Amended Complaint and this action.

**I.      Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may

1  be granted, or that seek monetary relief from a defendant who is immune from such relief.
2  28 U.S.C. § 1915A(b)(1), (2).

3  A pleading must contain a "short and plain statement of the claim *showing* that the
4  pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added).  While Rule 8 does not
5  demand detailed factual allegations, "it demands more than an unadorned, the-defendant-
6  unlawfully-harmed-me accusation."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).
7  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory
8  statements, do not suffice."  Id.

9  "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a
10 claim to relief that is plausible on its face.'"  Id. (quoting Bell Atlantic Corp. v. Twombly,
11 550 U.S. 544, 570 (2007)).  A claim is plausible "when the plaintiff pleads factual content
12 that allows the court to draw the reasonable inference that the defendant is liable for the
13 misconduct alleged."  Id.  "Determining whether a complaint states a plausible claim for
14 relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial
15 experience and common sense."  Id. at 1950.  Thus, although a plaintiff's specific factual
16 allegations may be consistent with a constitutional claim, a court must assess whether there
17 are other "more likely explanations" for a defendant's conduct.  Id. at 1951.

18 As the United States Court of Appeals for the Ninth Circuit has instructed, courts must
19 "continue to construe *pro se* filings liberally."  Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir.
20 2010).  A "complaint [filed by a *pro se* prisoner] 'must be held to less stringent standards
21 than formal pleadings drafted by lawyers.'"  Id. (quoting Erickson v. Pardus, 551 U.S. 89,
22 94 (2007) (*per curiam*)).

23 **II.   First Amended Complaint**

24 In his two-count First Amended Complaint, Plaintiff sues the following Defendants:
25 Internal Revenue Service Commissioner Douglas Shulman and the United States Internal
26 Revenue Service.

27
28

1    In Count I, Plaintiff claims that his First and Fifth Amendment rights as well as FOIA
2 were violated when Defendants "failed to respond to a Freedom of Information Request
3 within the time limits prescribed pursuant to the Freedom of Information Act."
4    In Count II, Plaintiff claims that his First, Fifth, and Ninth Amendment rights were
5 violated when Defendants failed to "comply within specified time limits to which the
6 Petitioner is entitled pursuant to law after presenting the Plaintiff with a 'Notice of Intent to
7 Levy' and to seize property or rights to property."
8    Plaintiff seeks declaratory and injunctive relief.

### III.   **Failure to State a Claim**

10   Plaintiff has alleged a violation of his constitutional rights, but he offers no facts that
11 support his claims, nor has he explained how Defendants' actions violated his constitutional
12 rights.
13   With respect to Plaintiff's claims under FOIA, Plaintiff has failed to demonstrate that
14 he made a proper request for documents under FOIA.  Plaintiff attached to the Amended
15 Complaint a copy of a "Notice of Intent to Levy" from the Internal Revenue Service and a
16 copy of the letter Plaintiff sent to the Internal Revenue Service, which Plaintiff states is his
17 FOIA request.  On the top of the letter, Plaintiff has written "Request made under FOIA
18 please respond within 30 days."  In the body of the letter, Plaintiff writes:

> THE LAWS REGARDING NOTICE TO AGENT IS NOTICE TO PRINCIPAL APPLY
> I, James Michael West, Authorized Representative for handling all commercial affairs, do hereby Notice you, with all rights reserved, of the following:
> That until you provide me with the complete account of disclosures of your record, and a written declaration that is made under the penalty of perjury, I can not make a legal determination about the above regarding, nor will I respond.  Your offer of contract is hereby rejected and returned to you in full accord with the Truth in Lending Act.  Any further correspondence from the Internal Revenue Service, IRS, or Heirs, Agents, or Assigns thereof must provide complete accounting and disclosure of your record, and must be made under penalty of perjury.
> You must <u>PROVE UP THE CLAIM</u> against me, James Michael West or immediately cease and desist all proceedings under the color-of-law against me.

27   Plaintiff's "FOIA request" is an overbroad request for "disclosures of your record"
28 which fails to identify the specific documents Plaintiff hopes to obtain.  Moreover, Plaintiff's

- 3 -

letter makes obvious that the primary intent of the letter was to challenge the Notice of Levy, rather than obtain specific records or documents. Plaintiff has not demonstrated that he made a proper request for documents under FOIA and has therefore failed to state a claim. The Court will dismiss the First Amended Complaint

### IV.     Dismissal without Leave to Amend

"Leave to amend need not be given if a complaint, as amended, is subject to dismissal." Moore v. Kayport Package Express, Inc., 885 F.2d 531, 538 (9th Cir. 1989). The Court's discretion to deny leave to amend is particularly broad where Plaintiff has previously been permitted to amend his complaint. Sisseton-Wahpeton Sioux Tribe v. United States, 90 F.3d 351, 355 (9th Cir. 1996). The Court finds that Plaintiff's claims cannot be cured by further amendment. The alleged FOIA request he seeks to enforce is defective for the reasons explained above, and nothing in this case suggests in any way that Plaintiff's constitutional rights have been violated by Defendants' failure to respond to his defective request. Therefore, the Court, in its discretion, will dismiss Plaintiff's First Amended Complaint without leave to amend.

**IT IS ORDERED:**

(1)     Plaintiff's First Amended Complaint (Doc. 10) and this action are **dismissed** for failure to state a claim, and the Clerk of Court must enter judgment accordingly.

(2)     The Clerk of Court must make an entry on the docket stating that the dismissal for failure to state a claim may count as a "strike" under 28 U.S.C. § 1915(g).

(3)     The docket shall reflect that the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3) and Federal Rules of Appellate Procedure 24(a)(3)(A), that any appeal of this decision would not be taken in good faith.

DATED this 18th day of April, 2012.

_David G. Campbell_
David G. Campbell
United States District Judge